UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEREMY LEE BROWN** | : | **CIVIL ACTION NO. 2:16-cv-788** |
| **D.O.C. #324084** | | **SECTION P** |
| **VERSES** | : | **JUDGE MINALDI** |
| **STATE OF LOUISIANA ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Jeremy Lee Brown ("Brown"). Doc. 1. He has also filed a "Motion/Request for Habeas Corpus Relief." Doc. 6.

Brown is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Louisiana State Penitentiary in Angola, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.**
**BACKGROUND**

In 2008, Brown was arrested and indicted on two counts of first degree murder, one count of auto theft, and one count of obstruction of justice. Doc. 5, att. 1, p. 1. He was convicted of all counts. On June 26, 2012, he was sentenced in the Thirty-Third Judicial District Court in Allen Parish, Louisiana, to concurrent terms of life at hard labor without the benefit of probation, parole, or suspension of sentence for each count of first degree murder, ten years at hard labor for the felony theft, and ten years at hard labor for the obstruction of justice charge. *Id.* at 2.

In regard to the above, Brown claims that he was wrongfully arrested, convicted, and imprisoned. Doc. 5, pp. 7–8. He states that the defendant detectives altered the crime scene and offered perjured testimony at trial. Doc. 1, p. 5. He further alleges that the defendant prosecutors presented altered evidence to the jury and allowed the officers to commit perjury, which resulted in his unlawful conviction. Doc. 5, pp. 17, 23, 25.

As relief, Brown seeks monetary damages and injunctive relief. *Id.* at 28. He also asks that the defendants be found guilty of "intentional criminal activities." *Id.*

## II.
## LAW AND ANALYSIS

### A. *Screening*

Brown has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Doc. 4. As he is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998). Because Brown is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. *Heck Considerations*

Brown's claims of false arrest, false imprisonment, malicious prosecution, and prosecutorial misconduct are barred by *Heck v. Humphrey*, 114 S. Ct. 2364 (1994). *Heck* holds that a state prisoner cannot bring a § 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. 114 S. Ct. at

2372. Claims barred by *Heck* are legally frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102–03 (5th Cir. 1996).

A federal judgment in Brown's favor on his claims herein would necessarily imply the invalidity of his state conviction on the underlying criminal charges. Therefore *Heck* bars such claims until such time as Brown's conviction has been reversed, expunged, or otherwise declared invalid.

### C. Habeas Corpus Considerations

As part of this case, Brown has filed a motion seeking release from custody under 28 U.S.C. § 2254. In general, a *habeas* petition is the proper vehicle to seek release from custody. *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989). As such, Brown should pursue this relief in a separate and properly filed federal *habeas corpus* proceeding.

## III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Brown's civil rights complaint against be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous until such time as Brown can show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (clarifying that the dismissal of a civil rights claim under the holding of *Heck* should be "with prejudice . . . until the *Heck* conditions are met.")

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 29 July 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE